UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JUAN U. MISA MARTINEZ and all others similarly situated under 29 U.S.C 216(b),

    Plaintiff,

vs.

PARADISE AWNINGS CORPORATION, a Florida Corporation, and MANUEL ALCIBAR, individually,

    Defendants.

_____/

# COMPLAINT

COMES NOW Plaintiff, JUAN U. MISA MARTINEZ, by and through his undersigned attorneys, and hereby sue Defendants, PARADISE AWNINGS CORPORATION, a Florida Corporation, and MANUEL ALCIBAR, individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime wages and retaliation under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant PARADISE AWNINGS CORPORATION is a Florida Corporation which regularly conducted business within the Southern District of Florida.

6. PARADISE is and, at all times pertinent to this Complaint an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce. Specifically, Plaintiff and one other employee of PARADISE would routinely handle machinery and other equipment, tools, and materials on a regular and consistent basis. These machinery and other equipment, tools, and materials handled or used by Plaintiff, as well as other employees of PARADISE had travelled in interstate commerce. Furthermore, PARADISE, by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida.

7. Upon information and belief, the annual gross revenue of PARADISE was at all times material hereto in excess of $500,000.00 per annum gross for the year 2020.

8. By reason of the foregoing, PARADISE is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. The individual Defendant, ALCIBAR, is an "employer," as defined in 29 U.S.C. § 203(d), as he had operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff. Defendant ALCIBAR controlled the purse strings for the corporate Defendant. Defendant

ALCIBAR hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

10. Plaintiff is employed by the Defendants as a non-exempt construction worker.

11. Plaintiff was employed from on or about April 4, 2020 through on or about September 23, 2020, except during a period of approximately one-month during this period when operations were closed.

12. Plaintiff was paid a rate of $44.30 per hour during his employment, except during the last two (2) weeks when he was paid no wages.

13. Plaintiff worked an average approximation of 47.5 hours per week.

14. Defendants underpaid Plaintiff his wages by modifying his time records to reflect that he worked fewer hours than he actually worked. Consequently, Defendants underpaid Plaintiff by paying him based on those underreported time records.

## COUNT I: OVERTIME WAGES

15. Plaintiff re-alleges and re-avers paragraphs 1 through 14 as fully set forth herein.

16. Plaintiff was paid some, but not all, of his overtime wages at a rate of time-and-one-half the regular rate when Plaintiff worked more than 40 hours per week. Plaintiff seeks overtime wages on occasions where Defendants failed to pay overtime wages where Defendants modified time entries.

17. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by

the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

18. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages that were due. Further, Defendants would deduct hours from Plaintiff's time clock and pay him for fewer hours than he had worked. Defendants deducted these hours knowing that Plaintiff had worked them and also while knowing that these hours should have been paid at a rate of time-and-one-half the regular rate. Further, Defendants have previously been sued under the FLSA and Defendants cannot deny they were of their obligations to pay overtime wages and maintain accurate time records. Thus, Defendants continue to willfully violate the FLSA.

19. The similarly-situated individuals are other individuals whom worked in construction like the Plaintiff, and whom were also not paid overtime wages.

20. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards

Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II: MINIMUM WAGES

21. Plaintiff re-alleges and re-avers paragraphs 1 through 14 as fully set forth herein.

22. Plaintiff was not paid any wages during the last two (2) weeks of Plaintiff's employment.

23. Plaintiffs worked approximately 47.5 hours per week.

24. Plaintiffs demanded that he be paid for the last two (2) weeks of pay on multiple occasions. Defendants failed to pay Plaintiff's wages despite such demands.

25. The FLSA requires that employees be paid a wage not less than $7.25 per hour for each worked. The FLSA under 29 U.S.C. §218(a) incorporates the Florida Minimum Wage rate as being higher the federal rate, and requires employees be paid a rate of $8.46 per hour in the State of Florida. Defendants failed to pay any wages to Plaintiff and thus violated minimum wage laws.

26. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was being paid less than federal minimum wage (as he was being paid nothing). Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay minimum wages, Defendants did not change its pay practices and continued to fail to pay the Plaintiff. Defendants also failed to pay other employees their last paychecks. Further, Defendants have previously been sued under the FLSA and Defendants cannot deny they were of their obligations to pay overtime wages and maintain accurate time records. Thus, Defendants continue to willfully violate the FLSA.

27. Plaintiffs have retained the law offices of the undersigned attorneys to represent them in this action and is obligated to pay a reasonable attorney's fees.

WHEREFORE, Plaintiff request compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT III: UNPAID WAGES
## (as to PARADISE AWNINGS CORPORATION only)[1]

28. Plaintiffs re-allege and re-aver paragraphs 1 through 14 as fully set forth herein.

29. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over the unpaid wage claim as the claim is so related to the FLSA claims that they form a single case or controversy. All counts raised relate to the hours that Plaintiff worked, and the failure to pay the wages required by law. In particular, Count III (unpaid wages) is raised in the alternative to Count II (minimum wage). Counts II and III are identical in all respects (i.e. the same hours claimed, the same work claimed) except that Plaintiff seeks the higher contracted rate, as opposed to the Federal/Florida minimum wage rate.

30. Plaintiff was employed by the Defendant PARADISE as a construction worker.

31. The parties agreed that Plaintiff would be paid $44.30 per hour.

32. Plaintiffs worked approximately 47.5 hours per week.

---

[1] Count III (unpaid wages) is raised in the alternative to Count II (minimum wages).

33. Plaintiff was not paid any wages during the last two weeks of work.

34. Plaintiffs demanded that he be paid for the last two (2) weeks of pay on multiple occasions. Defendants failed to pay Plaintiff's wages despite such demands.

35. Plaintiff dutifully performed the work that was tasked and Defendant PARADISE accepted the benefits of his work.

36. Defendant PARADISE breached the employment agreement by failing to pay Plaintiff for the last two (2) weeks of Plaintiff's employment.

37. Plaintiff has retained the law offices of the undersigned attorneys to represent them in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff request compensatory damages for each hour that Plaintiff worked and were not paid any wages from Defendant PARADISE, recovery of reasonable attorney's fees and costs to be determined by the court pursuant to Fla. Stat. §448.08, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT IV: RETALIATION

38. Plaintiff re-alleges and re-avers paragraphs 1 through 14 as fully set forth herein.

39. On several occasions throughout his employment, Plaintiff complained about his overtime wages not being paid correctly due to manipulation of his time records. Plaintiff complained on several occasions to ALCIBAR.

40. The last and final complaint occurred on or about September 23, 2020 when Plaintiff complained to Defendants, through supervisory personnel Oscar, that Defendants were underpaying his overtime wages.

41. As a result of Plaintiff's complaints with regards to unpaid overtime wages, Plaintiff was unlawfully terminated from his employment on September 23, 2020.

42. Plaintiff's complaint is the causal connection for Defendants terminating the Plaintiff. Accordingly, Plaintiff would not have been discharged but for Plaintiff's complaint.

43. The Defendants violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning their retaliation against Plaintiff for complaining about not being paid all of his hours.

44. By reason of the foregoing acts of the Employer, Plaintiff has suffered damages, including, lost income, benefits and employer contributions. Plaintiff is entitled to recover liquidated damages (double damages) pursuant to the Statute.

45. Plaintiff is entitled to recover costs and reasonable attorney's fees pursuant to the FLSA, 29 U.S.C. 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants for their violation of 29 U.S.C. § 215(a)(3), including all damages allowed by the FLSA for retaliatory acts by employers, liquidated damages, front wages and back wages, emotional distress damages, reasonable attorney's fees and costs of suit, and for all proper relief including pre-judgment interest.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable as of right by jury.

Dated: January 15, 2021

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (954) 361-8383
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 650
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561