UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-20181-EGT

JUAN U. MISA MARTINEZ, and all others similarly
situated under 29 U.S.C. 216(b),

    Plaintiff(s),

v.

PARADISE AWNINGS CORPORATION, a Florida
Corporation, and MANUEL ALCIBAR, individually,

    Defendants.
_____/

**JOINT MOTION FOR *IN CAMERA* REVIEW AND APPROVAL OF THE PARTIES'
SETTLEMENT AGREEMENT AND STIPULATION FOR DISMISSAL
OF THIS CASE WITH PREJUDICE**

Plaintiff, Juan M. Misa Martinez ("**Plaintiff**"), and Defendants, Paradise Awnings Corporation and Manuel Alcibar ("**Defendants**") (Plaintiff and Defendants are collectively referred to herein as the "**Parties**"), hereby file this Joint Motion for *In Camera* Review and Approval of the Parties' Settlement Agreement and Stipulation for Dismissal of this case *with prejudice*, and respectfully state as follows:

**INTRODUCTORY BACKGROUND**

1. On January 15, 2021, Plaintiff filed his Complaint [D.E. 1], alleging violations of the overtime provisions and minimum wage provisions of the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201 *et seq.*, a related cause of action for purported unpaid wages seeking recovery through Chapter 448, Florida Statutes, and purported retaliation in alleged violation of 28 U.S.C. § 215(a)(3) of the FLSA, against Defendants.

-1-

CASE NO.: 1:21-cv-20181-EGT

2. The Parties thereafter engaged in the exchange of preliminary documentation and information. Likewise, the Parties engaged in preliminary discussions as to a potential early resolution.

3. Those preliminary discussions successfully advanced and, on or about May 26, 2021, the Parties reached an agreement in principle to resolve all claims asserted in this case by Plaintiff, conditioned on this Court's granting of this Motion and approval of the Parties' confidential Settlement Agreement (the "**Settlement Agreement**").[1]

4. Despite agreeing to resolve Plaintiff's claims in this case, Defendants continue to vehemently deny that Plaintiff was not properly compensated pursuant to the applicable provisions of the FLSA, and/or that Defendants violated any applicable provisions of the FLSA.

5. Notwithstanding the factual and legal defenses Defendants believe are applicable in this matter, Defendants have agreed to amicably resolve the instant litigation, again, conditioned on this Court's granting of this Motion and approval of the Settlement Agreement.

6. Similarly, Plaintiff has also agreed to amicably resolve this matter.

7. The Parties jointly represent to this Honorable Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendants to properly evaluate the Parties' claims and defenses and make recommendations regarding the resolution of this matter.

---

[1] In the event this Court denies the requested *in-camera* submission/review of the Settlement Agreement, the Parties, in the alternative, respectfully request this Court grant the Parties permission to file the Settlement Agreement under seal, as delineated in Local Rule 5.4 of the Local Rules for the Southern District of Florida. If this Court is also not inclined to permit the filing of the Settlement Agreement under seal, the Parties then request a fairness hearing be held where the Parties will be prepared to discuss the terms of the Settlement Agreement and reasonableness of the resolution.

8. Importantly, the Settlement Agreement contains a confidentiality provision as to the terms and conditions of the Settlement Agreement. The Parties have conditioned the finality of resolution on this Court permitting the Parties to submit the Settlement Agreement for *in camera* review to preserve the confidential nature of the Settlement Agreement.

9. As a result, the Parties respectfully request this Court review the Settlement Agreements *in camera*, just as this Court has in other recent FLSA matters. *See Gonzalez v. Superior Cakes, Inc., et al.,* No. 1:19-cv-21540-EGT, D.E. 37 (Paperless Order Granting Motion for In Camera Review of Settlement) (S.D. Fla. Jan. 23, 2020); *Wolz v. Disney Store USA, LLC,* No. 1:17-cv-24697-EGT, D.E. 37 (Paperless Order Granting Motion for In Camera Review for Settlement Approval) (S.D. Fla. Aug. 8, 2018).

10. In the event this Court denies the requested *in camera* submission/review of the Settlement Agreement, the Parties, in the alternative, respectfully request this Court grant the Parties permission to file the Settlement Agreement under seal, as delineated in Local Rule 5.4 of the Local Rules for the Southern District of Florida. If this Court is also not inclined to permit the filing of the Settlement Agreement under seal, the Parties then request a fairness hearing be held where the Parties will be prepared to discuss the terms of the Settlement Agreement and reasonableness of the resolution.

11. As payment of settlement funds is due only after and if this Court approves the Settlement Agreement, the Parties request that, as a condition for dismissal, this Court retain jurisdiction to enforce the terms of the Settlement Agreement for sixty (60) days. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012).

CASE NO.: 1:21-cv-20181-EGT

## **MEMORANDUM OF LAW**

In the Eleventh Circuit, in order to ensure that an employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the District Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). In the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may resolve and release FLSA claims against an employer if the parties present the District Court with a proposed agreement and the District Court enters an Order approving the agreement. *Id*. at 1353; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA agreement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354. The resolution of the instant action involves a situation in which this Court may approve the Settlement Agreement to resolve and dismiss Plaintiff's FLSA claims against Defendants. The proposed Settlement Agreement arises out of an action brought by Plaintiff against his former employer, Paradise Awnings Corporation, and its Director/Vice President, Manuel Alcibar, which was adversarial in nature.

CASE NO.: 1:21-cv-20181-EGT

Specifically, Plaintiff alleges Defendants purportedly failed to pay Plaintiff's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week. Plaintiff likewise alleges Defendants did not pay Plaintiff for his last two weeks of employment and, therefore, Defendants have purportedly violated the FLSA's minimum wage provisions. Defendants adamantly deny Plaintiff's allegations, and contend Plaintiff was properly paid throughout his employment with Paradise Awnings Corporation, was paid well in excess of Florida and federal minimum wage for all hours worked, and received pay for hours he did not even work or claim to have worked. Based on the foregoing, there remains a *bona fide* dispute as to whether any liability exists, and a jury could ultimately determine that Plaintiff is owed nothing or that Defendants violated the FLSA. The Parties have removed the uncertainty and expense associated with further litigation by resolving Plaintiff's claims now.

In order to avoid continued costs and the uncertainty of litigation, the Parties have negotiated a fair and reasonable settlement in this matter. Defendants neither admit liability, and Plaintiff does not admit a lack of liability. Defendants expressly deny all liability whatsoever to Plaintiff. Given the amount of alleged overtime wages and liquidated damages claimed by Plaintiff, and the possibility of Plaintiff recovering nothing, the Parties agree that the agreed upon resolution is a fair compromise. The amounts received by Plaintiff as set forth in the Settlement Agreement is potentially more than Plaintiff would have recovered had he gone to trial due to the uncertainty of litigation. As such, the Parties both faced risks if litigation continued. Therefore, in order to avoid additional costs and the uncertainty of litigation, the Parties have agreed to a settlement.

The Settlement Agreements also provide for attorneys' fees and costs to be paid to Plaintiff's counsel. Awards for attorneys' fees and costs in FLSA cases often exceed the amount of damages at issue for the plaintiff(s), and fee awards need not be proportional to the recovery for

the plaintiff(s). *Riverside v. Rivera*, 477 U.S. 561, 578 (1986) ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts.").

As mentioned *supra*, the Settlement Agreement contains a confidentiality provision as to the terms and conditions of the Settlement Agreement. The Parties have conditioned the finality of resolution on this Court permitting the Parties to submit the Settlement Agreement for *in camera* review to preserve the confidential nature of the Settlement Agreement. As a result, the Parties respectfully request this Court review the Settlement Agreement *in camera*.

Other Courts in this District and Circuit have permitted *in camera* review of settlement agreements in FLSA litigation where the Court is familiar with the factual and legal issues of the case. *See, e.g., Moore v. S. Fla. Restoration, Inc.*, No. 18-21956-CIV, 2018 WL 6620872, at *1 (S.D. Fla. Nov. 16, 2018) (approving settlement agreement and dismissing action with prejudice after reviewing settlement agreement *in camera*); *Antunez v. City of Miami*, No. 14-22484-CIV, 2014 WL 12571406, at *1 (S.D. Fla. Oct. 20, 2014) (same); *Denise Tardiff, v. Mom's Kitchen Inc.*, No. 19-61316-CIV (S.D. Fla. Aug. 21, 2019) (same); *Ammirati v. Lutheran Servs. Fla., Inc.*, No. 2:09-CV-496-FTM-29SPC, 2010 WL 148724, at *2 (M.D. Fla. Jan. 13, 2010) (same); *Nunnink v. Wholesale Pictures & Mirrors, LLC*, No. 2:09-CV-365-FTM36-S, 2010 WL 338098, at *2 (M.D. Fla. Jan. 22, 2010) (same).

Given the foregoing, the Parties have contemporaneously submitted the Settlement Agreement to this Court *via* email for *in camera* review and submit that the terms set forth in the Settlement Agreement are a fair and reasonable resolution of bona fide disputes between the Parties. As payment of settlement funds is due only after and if this Court approves the Settlement Agreement, the Parties also request that, as a condition for dismissal, this Court retain jurisdiction

CASE NO.: 1:21-cv-20181-EGT

to enforce the terms of the Settlement Agreement for sixty (60) days.  *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, the Parties respectfully request this Honorable Court enter the attached proposed stipulated order granting the Motion for *In Camera* Review and Approval of Settlement Agreement, and dismissing this case with prejudice with the Court retaining jurisdiction to enforce the terms of the Settlement Agreement for 60 days, and entering any and all such further relief as may be deemed just and appropriate in light of the foregoing.  In the event this Court denies the requested *in camera* submission/review of the Settlement Agreement, the Parties, in the alternative, respectfully request this Court grant the Parties permission to file the Settlement Agreement under seal, as delineated in Local Rule 5.4 of the Local Rules for the Southern District of Florida.  If this Court is also not inclined to permit the filing of the Settlement Agreement under seal, the Parties then request a fairness hearing be held where the Parties will be prepared to discuss the terms of the Settlement Agreement and reasonableness of the resolution.

Dated: May 27, 2021

Respectfully submitted,

/s/ Daniel T. Feld
Daniel T. Feld, Esq. (Fla. Bar No. 37013)
Email: danielfeld.esq@gmail.com
**LAW OFFICE OF DANIEL T. FELD, P.A.**
2847 Hollywood Blvd.
Hollywood, Florida 33020
Telephone: (954) 361-8383

Isaac Mamane, Esq. (Fla. Bar No. 44561)
Email: mamane@gmail.com
**MAMANE LAW LLC**
10800 Biscayne Blvd., Suite 650
Miami, Florida 33161
Telephone: (305) 773-6661

*Attorneys for Plaintiff*

/s/ Matthew A. Green
Scott A. Bassman, Esq. (Fla. Bar No. 232180)
Email: scott.bassman@csklegal.com
Matthew A. Green, Esq.  (Fla. Bar No. 1019717)
Email: matthew.green@csklegal.com
**COLE, SCOTT & KISSANE, P.A.**
110 Tower, 110 S.E. 6th Street, Ste. 2700
Ft. Lauderdale, Florida 33301
Telephone: (954) 703-3700
Facsimile: (954) 703-3701

*Attorneys for Defendants*